

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# In Re: Robert Shimer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Robert Shimer " (2007). *2007 Decisions.* Paper 1686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1025
_____

IN RE: ROBERT W. SHIMER,
Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civil No. 04-cv-01512)
_____

Submitted Under Rule 21, Fed. R. App. P.
January 19, 2007

Before:  RENDELL, SMITH and JORDAN, <u>Circuit Judges</u>

(Filed February 1, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Robert W. Shimer, an attorney proceeding <u>pro se</u>, seeks a writ of

mandamus compelling a district judge to disqualify himself and vacating certain of the

District Court's orders.  For the reasons that follow, we will deny the petition.[1]

I.

_____

[1]    Shimer has moved to supplement his petition, and we grant that motion.  Vincent J.
Firth, one of Shimer's co-defendants in the District Court, has moved to join in Shimer's
petition.  Because we are denying the petition, we deny Firth's motion as well.

Shimer is a defendant in a civil action currently pending before the Honorable Robert B. Kugler. That action was brought by the Commodity Futures Trading Commission ("CFTC") and involves an alleged "multi-million dollar commodity futures fraud" in which the CFTC alleges that Shimer participated. (Am. Compl. ¶¶ 2, 6.)

Shimer twice moved for summary judgment on the CFTC's claims, and the CFTC in turn moved for summary judgment on certain of those claims. Judge Kugler denied both of Shimer's motions and granted the CFTC's motion in part. Shimer then moved to disqualify Judge Kugler and, while that motion was pending, filed the instant petition. Judge Kugler has since denied the disqualification motion.

II.

A.    Disqualification

Shimer requests that we order this case reassigned to a different district judge, either because Judge Kugler's disqualification is required by 28 U.S.C. § 455(a) or through exercise of our supervisory authority. Although this issue comes before us on a petition for a writ of mandamus, we review Judge Kugler's denial of the disqualification motion for abuse of discretion, which we will find only if Judge Kugler has a "clear and indisputable" obligation to disqualify himself. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

We agree with Judge Kugler that he had no such obligation here. Section 455(a) requires judges to disqualify themselves when their "impartiality might reasonably be questioned." Shimer does not rely on any extra-judicial partiality (i.e., one arising from

2

something other than events occurring during judicial proceedings).[2] <u>See</u> <u>Liteky v.</u>

<u>United States</u>, 510 U.S. 540, 555 (1994).  Instead, Shimer argues that certain of Judge

Kugler's rulings and remarks call his impartiality into question.  Shimer must show that

those rulings and remarks "display a deep-seated favoritism or antagonism that would

make fair judgment impossible."  <u>Id.</u>

Shimer devotes the majority of his petition to arguing merely that Judge Kugler's

summary judgment rulings might reflect partiality because they are legally erroneous.

But "judicial rulings alone almost never constitute a valid basis for a bias or partiality

motion" and "only in the rarest circumstances evidence the degree of favoritism or

antagonism required" for disqualification.  <u>Id.</u> at 555.  We express no opinion on the

merits of Judge Kugler's rulings, but we detect no such favoritism or antagonism here.

As we have explained, "[d]isqualification is not an appropriate remedy for disagreement

over a legal ruling.  In the event [Judge Kugler's] rulings may be in error, they are subject

to review on appeal."  <u>In re TMI Litig.</u>, 193 F.3d 613, 728-29 (3d Cir. 1999).

Shimer also relies on the following circumstances.  In his opinion denying

Shimer's first motion for summary judgment, Judge Kugler notes that "[d]efendants

spend over 170 pages of briefing belaboring [a legal issue] in what can only be

characterized as an abuse of the judicial process" and that Shimer's own 92-page brief

---

[2]    Shimer alleges that Judge Kugler "<u>may</u> harbor" a prejudice "against <u>pro</u> <u>se</u> defendants generally" or "<u>may</u> simply assume" the accuracy of a federal agency's assertions, but these facially speculative allegations do not form the basis of his petition. (Mandamus Pet. at 2) (emphasis added).

3

(which the judge nevertheless allowed) exceeded the local page limitation. (Oct. 4, 2005 Op. at 4 n.2.) Judge Kugler later allowed the CFTC to file a brief in excess of the page limitation but denied Shimer's request to exceed the page limitation in his opposing brief.

These circumstances do not evidence the kind of "deep-seated favoritism or antagonism" necessary to require Judge Kugler's disqualification. Judge Kugler's isolated remark about defendants' excessive briefing does not reflect any partiality. See Liteky, 510 U.S. at 555 ("[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); In re TMI Litig., 193 F.3d at 728-29 (allegedly "hostile rebukes of counsel by the court" held insufficient to require disqualification). Nor are we persuaded that Judge Kugler's refusal to allow Shimer to once again exceed a page limitation reflects any partiality. Thus, Judge Kugler's refusal to disqualify himself was not an abuse of discretion, and we will not exercise our supervisory authority to order the reassignment of this case to a different district judge.

## B.    Vacation of Orders

Shimer also requests that, whether or not we order this case reassigned to a different district judge, we vacate certain of Judge Kugler's summary judgment orders and remand those matters for reconsideration. Shimer further requests that we vacate, pending such reconsideration, an order requiring him to produce certain tax returns because it is dependant on his status as a defendant.

We decline to do so. Mandamus is "an extraordinary remedy" that we have

4

discretion to award only when, among other things, a petitioner has "no other adequate means to attain the relief sought." In re Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006) (citation omitted). Even if Judge Kugler's rulings were legally erroneous, which we do not decide, Shimer has not alleged any reason why an appeal in the ordinary course would be inadequate to correct those errors or otherwise protect his rights. See Commc'n Workers v. Am. Tel. & Tel. Co., 932 F.2d 199, 210, 213 (3d Cir. 1991) (denying mandamus petition premised on denial of summary judgment because appeal represented adequate remedy).[3]

---

[3] Shimer argues that Judge Kugler's denial of his summary judgment motions denied him the right to be "effectively heard" and that Communication Workers is inapposite because Judge Kugler's grant of partial summary judgment in favor of the CFTC means that Shimer cannot proceed to trial on those claims. Once again, however, Shimer has not alleged anything that cannot be redressed, if warranted, by an appeal in the ordinary course.